UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

Marcus Angelet,

                      Plaintiff,              COMPLAINT
                                                      10 CV 8464 (VM)(FM)

                - against -

THE CITY OF NEW YORK, "JOHN" WHITE, the
first name being presently unknown and
fictitious, and ANGEL TAVERAS, employees of
the New York City Police Department,

                      Defendants.           Jury Trial Demanded

-------------------------------------------------------------------x

      Marcus Angelet, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

## Nature of the Action

      1.      This civil rights action arises from defendants subjecting Marcus Angelet to unreasonable conditions of confinement after arresting him for a low-level marijuana offense in August 2009.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

## Jurisdiction and Venue

      2.      This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

### Parties

4. Plaintiff Marcus Angelet is a citizen of the United States of America residing in the State and City of New York, County of Kings.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendants "JOHN" WHITE and ANGEL TAVERAS (collectively the "individual defendants") were at all times relevant duly appointed and acting police officers employed by the New York City Police Department and assigned, upon information and belief, to the Brooklyn South Narcotics Division.

7. At all times relevant, the individual defendants were acting under color of state law.

8. The individual defendants involved in the incidents underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

### Notice of Claim

9. On or about August 25, 2009, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by

delivering copies thereof to the person designated by law as a person to whom such claims may be served.

10. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

11. The Notice of Claim set out the nature of claims, the time when, the place where and manner by which claims arose, and the damage and injuries claimed to have been sustained.

12. The City of New York assigned the claim number 2009PI021999.

13. The City of New York has neglected and failed to adjust the claims within the statutory time period.

14. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

15. On August 12, 2009 at approximately 5:00 p.m. at and around 367 42nd Street in Brooklyn, the individual defendants arrested plaintiff for possession of a small amount of marijuana.

16. That might have been the end of it except that the individual defendants, after handcuffing Mr. Angelet and placing him in the van they were operating, and acting pursuant to municipal policy, practice or custom, did not secure him with seatbelts and, for the next three hours, drove purposefully roughly, causing annoyance, anxiety and, eventually, physical injury.

17. The individual defendants, rather than take Mr. Angelet to a Precinct Stationhouse for arrest processing, compelled plaintiff to drive around

with them and other prisoners for approximately three hours while rear-cuffed without a seatbelt restraint while the individual defendants engaged or attempted to engage in further arrest activities.

18.  During his confinement in the van, plaintiff gripped and positioned himself as well as he could so as not to fall or be thrown from the seat. The handcuffs became tighter and tighter and the pain increased. His complaints were ignored and the individual defendants did not loosen the cuffs or restrain Mr. Angelet in a seatbelt. By the time the ride was over and plaintiff and the other prisoners at last arrived at the 72nd Precinct Stationhouse, the handcuffs had injured his right wrist.

19.  Mr. Angelet was treated by his private doctor and at Lutheran Medical Center. The injury was initially diagnosed as a sprain.

20.  The pain and numbness in plaintiff's right thumb, hand, wrist and forearm, however, did not abate. Plaintiff has been treated by his private doctor, Lutheran Hospital, Long Island College Hospital and by a physical therapist and pain management specialist. It appears that Mr. Angelet has reflex sympathetic dystrophy.

21.  The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the conduct to which they subjected Mr. Angelet.

22.  Defendants' acts and omissions caused Mr. Angelet to suffer mental and emotional upset and trauma, fear, and deprivation of his constitutional rights, among other injuries.

23. Defendants' acts and omissions caused Mr. Angelet to suffer physical injury and pain, including, among other injuries, pain and disability to his upper extremity.

24. The individual defendants, at all times relevant, and in handcuffing plaintiff, not securing him with a seatbelt, ignoring his complaints and riding him around for hours rather than promptly processing his arrest, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

25. Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

26. By the actions described above, the individual defendants deprived Mr. Angelet of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to, the right to be free from unreasonable seizures and conditions of confinement.

27. As a consequence thereof, Marcus Angelet has been injured.

### SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEIZURES UNDER ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

28. Plaintiff repeats and realleges paragraphs 1-24 as though fully stated here.

29. By the actions described above, the individual defendants deprived Marcus Angelet of rights secured by the New York State Constitution, including, but not limited to, the right to be free from unreasonable seizures and conditions of confinement.

30. As a consequence thereof, Marcus Angelet has been injured.

### THIRD CLAIM FOR RELIEF FOR ASSAULT

31. Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

32. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

33. As a consequence thereof, Marcus Angelet has been injured.

### FOURTH CLAIM FOR RELIEF FOR BATTERY

34. Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

35. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

36. As a consequence thereof, Marcus Angelet has been injured.

### FIFTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

37. Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

38. The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Angelet was subjected, despite having a reasonable opportunity to do so.

39. As a consequence thereof, Marcus Angelet has been injured.

### SIXTH CLAIM FOR RELIEF FOR NEGLIGENCE

40. Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

41. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police Officers, including instructing, supervising, monitoring and controlling the individual defendants herein.

42. Defendant City's failure to adequately train, supervise, monitor or control directly resulted in the unreasonable and unlawful conditions of confinement of Marcus Angelet and other arrestees.

43. As a consequence thereof, Marcus Angelet has been injured.

### SEVENTH CLAIM FOR RELIEF AGAINST THE CITY OF NEW YORK

44. Plaintiffs repeat the allegations of paragraphs 1-24 above as though fully stated herein.

45. The City of New York directly caused the constitutional violations suffered by plaintiff.

46. Plaintiff was subjected to excessive and unreasonable detention, to unreasonable and excessive force and to unreasonable conditions of confinement

when he was handcuffed and driven around for several hours without seatbelt restraints before being taken to a Precinct Stationhouse for arrest processing.

47. It is the policy, custom and practice of the City of New York's Police Department, including its Narcotics and Vice units, to drive all arrestees around rear-cuffed in vans for many hours until all of the operations for a tour are completed and only then bringing all of the arrestees to a Stationhouse for arrest processing, at which time the prisoners are finally uncuffed.

48. The City of New York was and is aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that prisoners are injured by this policy, custom and practice of excessive detention and handcuffing.

49. As a consequence thereof, Marcus Angelet has been injured.

## Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

    (A)    Declaratory relief as follows:

        1.    A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

        2.    A declaration that plaintiffs' right to be free from unreasonable searches and seizures under Article 1 Section 12 of the New York State Constitution was violated;

    (B)    Compensatory damages in an amount to be fixed at trial;

(C)  By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from defendants White and Taveras in an amount to be fixed at trial;

(D)  An award to plaintiff of the costs and disbursements herein;

(E)  An award of attorney's fees under 42 U.S.C. §1988; and

(F)  Such other and further relief as this Court may deem just and proper.

Dated:   November 9, 2010
Brooklyn, New York

*[signature]*
Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117