UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

MARCUS ANGELET,

                            Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

                            Defendants.

------------------------------------------------------------ x

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

10 Civ. 5653 (SJ)(JMA)

      **WHEREAS**, plaintiff commenced this action by filing a complaint on or about November 9, 2010, and an amended complaint on April 11, 2011, alleging that defendants violated plaintiff's federal civil rights; and

      **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without [defendants affirm] admitting any fault or liability; and

      **WHEREAS**, plaintiff has authorized his counsel to agree to the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or fees in excess of the amounts specified in paragraph "2" below.

      2. Defendant City of New York hereby agrees to pay plaintiff, MARCUS ANGELET, the sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00), and to his attorney, MATTHEW FLAMM, the sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00), in full satisfaction of all claims, including claims for expenses, costs and attorneys' fees.

In consideration for the payment of these sums, plaintiff agrees to dismissal of all the claims against defendants and to release the defendants and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action from the beginning of the world to the date of the General Release, including claims for costs, expenses and attorneys' fees, except only with respect to claims contained in plaintiff's complaint in <u>Angelet v. New York City Transit</u>, 11 Civ 1492 (EDNY).

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

5. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the

State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

7. Plaintiff agrees to hold harmless the City of New York and the individual defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, the City reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

8. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
October 21, 2011

| | |
|---|---|
| Matthew Flamm, Esq.<br>26 Court Street<br>Brooklyn, N.Y. 11242<br>Attorney for Plaintiff<br>(718) 797-3117 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>City of New York<br>New York, New York 10007<br>Attorney for Defendants City of New York,<br>Benjamin White and Mark Holder<br>100 Church Street, Room 3-211<br>New York, N.Y. 10007<br>(212) 442-8248 |
| By: _____ 10/21/2011<br>Matthew Flamm, Esq.<br>Attorney for Plaintiff | By: _____<br>Mark D. Zuckerman, Esq.<br>Senior Counsel |

SO ORDERED:

_____ /s/(SJ)
U.S.D.J.